FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/4/2021 5:12 PM
KATHLEEN VIGIL CLERK OF THE COURT
Johnny Enriquez-Lujan

COUNTY OF SANTA FE
STATE OF NEW MEXICO
FIRST JUDICIAL DISTRICT COURT

JO ANNE PENA,

Case assigned to Sanchez-Gagne, Maria

        Plaintiff,

vs.                    CASE NO. D-101-CV-2021-02160

THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY SANTA FE, NEW MEXICO,

        Defendant.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

COMES NOW Plaintiff, Jo Anne Pena, and offers the following as her Complaint against the Defendant herein.

1.      Plaintiff Jo Anne Pena is a resident of Santa Fe County, New Mexico.

2.      Defendant Board of County Commissioner for the County of Santa Fe is a body politic established by the New Mexico Constitution with its primary place of business being Santa Fe County, New Mexico.  Defendant Board of County Commissioners (hereinafter "Board") employs and is vicariously responsible for any and all acts of its employees as set forth herein.

3.      The matters complained of herein occurred primarily within Santa Fe, County.

## BACKGROUND FACTS

4.      Plaintiff began working for the Santa Fe County Corrections Department as a volunteer coordinator in May, 2016.

5.      In 2018 a Program Manager Position opened with the Department.

6.      On July 18, 2018, Plaintiff notified the Warden, Derrick Williams, of her interest in

-1-

EXHIBIT
A

the position which she was, based on the established and published job description, qualified to fill.

7.     At all materials herein, Mr. Williams was acting as an agent, employee and representative of the Defendant and the Defendant is liable, under the Doctrine of Respondeat Superior, for any and all misconduct and/or illegal acts committed by Mr. Williams in this capacity.

8.      Based upon information and belief, after becoming aware of the Plaintiff's interest in the position, Warden Williams made changes to the established and published job description which  made the position outside of the experience and qualifications of the Plaintiff.

9.     Based upon information and belief, Warden Williams made these changes because of his desires to have a pre-selected individual fill the position.

10.    Based upon information and belief, the individual Warden Williams had pre-selected was less qualified than was Plaintiff according to the then existing and established job description for the position.

11.    Based upon information and belief, Warden Williams had pre-selected the other individual over the Plaintiff because Warden Williams was engaged in a personal relationship with the other individual.

12.    Upon learning of Warden Williams' intention to change or amend the established job description, Plaintiff informed Human Resources of the situation.

13.    After informing Human Resources of the situation, Human Resources intervened and prevented Warden Williams from amending the established job description.

14.    After Plaintiff raised her complaints with Human Resources, Warden Williams and Deputy Warden Michael Oliver began to retaliate against the Plaintiff.  This retaliation took many forms, including preventing Plaintiff from conducting the volunteer program at the Santa Fe County

Adult Detention Facility which she had in place to commence.

15.    As the retaliation and harassment continued, Plaintiff attempted to ask the Board's Human Resource Office to intervene and assist her with this ever increasing hostile, retaliatory atmosphere.

16.    After it became apparent that her contact with the Board's Human Resource Office was not going to render Plaintiff any assistance or diminish the type of problems Plaintiff was suffering in her employment because of the retaliation and harassment, Plaintiff resigned her position feeling that she could not longer reasonably be expected to endure this treatment at the hands of the Board and its employees.

17.    As a result of Plaintiff's constructive termination, Plaintiff has suffered damages including past and future loss of earnings, earning capacity and benefits, loss of standing in the eyes of the communities (both social and professional) for who Plaintiff provides services on an as needed and as requested basis.

18.    Plaintiff has also suffered emotional distress and humiliation and may require counseling in the future to deal with the effects of the retaliatory conduct she was subjected to at the hand of the Board's employees and representatives.

## COUNT I: VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT

19.    Plaintiff reasserts and realleges all of the allegations set forth above.

20.    Plaintiff submitted a charge of discrimination to the New Mexico Human Rights Commission, Department of Workforce Solutions, alleging age discrimination and retaliation based upon the allegations set forth above.

21.     Plaintiff received notice of a Final Decision and Order issued by the Human Rights Commission Of the State of New Mexico dated July 7, 2021.  The Final Decision and Order advised Plaintiff that she had ninety (90) days to file a notice of appeal as otherwise specified by the New Mexico Human Rights Act.  Accordingly, Plaintiff has complied with all jurisdictional prerequisites of the New Mexico Human Rights Act (§28-1-1 to -15) NMSA 1978.

22.     Defendant Board, by and through its agents and employees, has engaged in unlawful discriminatory practices as defined by §28-1-7(A) NMSA 1978.   This includes both age discrimination and retaliation complained of by Plaintiff in her charge of discrimination.

23.     As a result of Defendant's unlawful discriminatory practices, Plaintiff is entitled to damages as set forth above.

### COUNT II: VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

24.     Plaintiff reasserts and realleges all of the allegations set forth above.

25.     As a result of act and omissions set forth above, Plaintiff's rights under the Age Discrimination In Employment Act of 1967 (ADEA), 29 U.S.C. § 621, have been violated.

26.     As a result of these unlawful discriminatory practices, the Plaintiff is entitled to damages as set forth above.

WHEREFORE Plaintiff respectfully requests that the Court enter judgment in her favor in an amount sufficient to compensate her for the injuries and damages she has suffered, including lost wages and benefits, emotional distress, costs and attorney's fees, and such other relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF JAMES P. LYLE, P.C.

/s/   *James P. Lyle, Attorney*
James P. Lyle
1116 Second Street N.W.
Albuquerque, NM   87102
(505) 843-8000  - Telephone
(505) 843-8043  - Facsimile
pennname@prodigy.net