# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JO ANNE PENA,

    Plaintiff,

vs.                                             Civ. No. 21-1095 KK/JFR

BOARD OF COUNTY COMMISSIONERS FOR
THE COUNTY OF SANTA FE, NEW MEXICO,

    Defendant.

## ORDER DISMISSING WITH PREJUDICE
## AND GRANTING PLAINTIFF'S COUNSEL LEAVE TO WITHDRAW

THIS MATTER is before the Court following a hearing held on February 3, 2023, on: (1) Defendant's Motion to Dismiss for Failure to Prosecute or in the Alternative Enforce the Settlement Agreement (Doc. 34) ("Motion to Dismiss"), filed September 6, 2022; (2) Plaintiff's counsel's Motion to Enforce Settlement Agreement (Doc. 35) ("Motion to Enforce"), filed September 8, 2022; and (3) the Court's Order Setting Hearing on Motions and Order to Show Cause (Doc. 36) ("Order to Show Cause"), filed December 20, 2022.

On February 9, 2022, the Court held a Rule 16 Settlement Conference in this case, at which the parties agreed to a settlement on the record. (Doc. 18.) The Court set a deadline of March 11, 2022, for the parties to file closing documents, which was subsequently extended to April 11, 2022. (*Id.*; Doc. 20.) When the parties failed to file closing documents by the deadline, the Court held a status conference on April 14, 2022. (Doc. 22.) At the conference, Plaintiff's counsel indicated that his client had not communicated with him for several weeks, and defense counsel indicated that he had sent a release to Plaintiff, but Plaintiff had not returned it or otherwise communicated with him. (*Id.*) The Court extended the closing document deadline to May 11, 2022, and set a follow-up settlement conference for May 9, 2022, at which it ordered Plaintiff to appear in person.

(*Id.*; Doc. 24.) However, Plaintiff failed to appear at the follow-up settlement conference as ordered. (Doc. 25.)

On May 23, 2022, Defendant filed a motion asking the Court to enforce the parties' settlement agreement and award it the attorney's fees and costs it had incurred since the settlement conference. (Doc. 26.) Plaintiff's counsel took no position on the request to enforce the settlement agreement but opposed the request for fees and costs. (Doc. 27.) The Court set a hearing on Defendant's motion for August 15, 2022, and ordered Plaintiff to appear at the hearing in person. (Doc. 30.) However, Plaintiff again failed to appear as ordered. (Doc. 32.) Following the hearing, the Court set a deadline of September 6, 2022, for Defendant to withdraw its motion to enforce the settlement agreement and seek alternative relief, and a deadline of September 8, 2022, for Plaintiff to file a motion to enforce the settlement agreement. (Doc. 33.) Defendant and Plaintiff's counsel filed the motions before the Court in compliance with these deadlines. (Docs. 34, 35.)

In its Motion to Dismiss, Defendant asks the Court to dismiss Plaintiff's claims with prejudice for failure to prosecute them and to comply with the Court's orders. (Doc. 34.) In the alternative, Defendant again asks the Court to enforce the settlement agreement; however, it states that it "believes dismissal with prejudice to be the most appropriate course of action." (*Id.* at 3.) The Motion to Enforce filed by Plaintiff's counsel, in turn, asks the Court to enforce the parties' settlement agreement by ordering Defendant to pay the agreed-upon amount, after which the case may be dismissed. (Doc. 35.)

On December 20, 2022, the Court entered its Order to Show Cause, in which it ordered Plaintiff Jo Anne Pena to appear in person at a hearing on February 3, 2023, to personally show cause why the Court should not dismiss this action with prejudice as a contempt sanction and/or for failure to prosecute and comply with the Court's orders under Federal Rule of Civil Procedure

41(b). (Doc. 36.) In the order, the Court specifically warned Plaintiff that if she failed to appear at the hearing as directed, the Court would grant Defendant's Motion to Dismiss, deny her counsel's Motion to Enforce, and dismiss her claims with prejudice without further notice. (*Id.* at 5.) On December 22, 2022, Plaintiff's counsel filed a Certificate of Service certifying that he served the Order to Show Cause on Plaintiff via first class mail and electronic mail at her last known addresses on December 21, 2022. (Doc. 37.) Nevertheless, Plaintiff failed to appear at the February 3, 2023 hearing as ordered, even though the Court waited twenty minutes past the time set for the hearing before it recessed. At the hearing, Plaintiff's counsel made an oral motion for leave to withdraw, and the Court indicated that it would issue an order granting the motion.

"To be held in contempt, a court must find the party violated a specific and definite court order and the party had notice of the order." *In re Lucre Mgmt. Grp., LLC*, 365 F.3d 874, 875 (10th Cir. 2004) (quotation marks omitted). Here, these requirements have been met. First, Plaintiff has violated four specific and definite court orders, *i.e.*, the Court's order to submit closing documents pursuant to the parties' settlement agreement, and its orders to appear at hearings on May 9, 2022, August 15, 2022, and February 3, 2023.

Second, Plaintiff had notice of these orders. She was present at the settlement conference at which the Court directed the parties to submit closing documents, (Doc. 18); the order setting the May 9, 2022 follow-up settlement conference was sent not only to Plaintiff's counsel but also to Plaintiff's last known physical and e-mail addresses, (Doc. 24); and, Plaintiff's counsel received the order setting the August 15, 2022 hearing as well as the Court's Order to Show Cause, and forwarded both of these orders to his client by physical and electronic mail. (Docs. 32, 37.) Thus, not only did Plaintiff personally have notice of the first order she violated, but also, she had notice of the latter three orders through her counsel of record. And, if she did not personally receive

3

copies of the latter three orders, it was due to her unilateral decision to block or ignore the Court's and her counsel's communications. Contempt sanctions are thus warranted.

In addition, the factors listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992), support dismissal with prejudice as a sanction for Plaintiff's failure to prosecute this case and comply with the Court's orders. *See generally* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

> Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.

*Ehrenhaus*, 965 F.2d at 920 (quotation marks, ellipses, and citations omitted).

Here, Plaintiff has actually and substantially prejudiced Defendant by depriving it of the benefit of the settlement to which the parties agreed and requiring it to continue to defend this action. Plaintiff has also substantially interfered with the judicial process. Pursuant to the parties' original agreement, this action should have been closed in March 2022, yet, due to Plaintiff's conduct, the Court is still issuing orders and holding hearings in the case. Further, Plaintiff is personally culpable because she has cut off communication with her counsel and refused to honor the parties' agreement or otherwise participate in the case without any apparent justification. And, the Court specifically warned Plaintiff that dismissal would be a likely sanction for noncompliance with its Order to Show Cause. (Doc. 36 at 5.)

The Court recognizes that it has not attempted lesser sanctions. However, Plaintiff's past conduct persuades the Court that lesser sanctions would have no impact. Also, the aggravating

factors in this case substantially outweigh the judicial system's strong predisposition to resolve cases on their merits even though lesser sanctions have not been imposed.

IT IS THEREFORE ORDERED as follows:

1. Defendant's Motion to Enforce Settlement Agreement (Doc. 26), filed May 23, 2022, has been superseded by Defendant's Motion to Dismiss for Failure to Prosecute or in the Alternative Enforce the Settlement Agreement (Doc. 34), and is therefore DENIED AS MOOT;

2. Defendant's Motion to Dismiss for Failure to Prosecute or in the Alternative Enforce the Settlement Agreement (Doc. 34) is GRANTED, and all of Plaintiff's claims in this matter are DISMISSED WITH PREJUDICE as a sanction for Plaintiff's contempt of Court and her repeated failure to prosecute this action and to comply with this Court's orders. The Court will enter a Final Judgment concurrently with this order, and each party will bear its own attorney's fees and costs;

3. Plaintiff's counsel's Motion to Enforce Settlement Agreement (Doc. 35) is DENIED;

4. James P. Lyle's oral motion for leave to withdraw as Plaintiff's counsel, made in open court at the hearing on February 3, 2023, is GRANTED, and Mr. Lyle is hereby WITHDRAWN as Plaintiff's counsel of record in this matter; and,

5. The Clerk is directed to serve a copy of this order and the Final Judgment entered concurrently with it on Plaintiff Jo Anne Pena at her last known address of 2859 Calle de Molena, Santa Fe, New Mexico, 87507. (*See* Doc. 37 at 4-6.)

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE